**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

"IN ADMIRALTY"

CROWLEY LOGISTICS, INC.,
a Delaware corporation,

      Plaintiff,

                                       CASE NO.:

v.

RAPID OCEAN FREIGHT, INC.,
a Florida corporation,

      Defendant.

_____/

**COMPLAINT**

Plaintiff, CROWLEY LOGISTICS, INC. ("CROWLEY"), by and through its undersigned counsel files herewith this Complaint against Defendant, RAPID OCEAN FREIGHT, INC. ("RAPID OCEAN") and for cause of action *in personam* states as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction in accordance with 28 U.S.C. §1333(1). Plaintiff is seeking to enforce rights contained in maritime contracts, making this an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**VENUE**

2. Venue in this district is proper. A substantial part of the events giving rise to the claims asserted by Plaintiff occurred within the territorial limits of the United States District Court for the Southern District of Florida, namely PortMiami.

## THE PARTIES

3.  Plaintiff CROWLEY LOGISTICS, INC. is a highly diversified Delaware corporation that maintains a Freight Forwarder and Non-Vessel Operating Common Carrier (NVOCC) license with a principal place of business in Jacksonville, Florida.

4.  Upon information and belief, Defendant RAPID OCEAN FREIGHT, INC. is a Florida corporation that operates under a Non-Vessel Operating Common Carrier (NVOCC) license issued by the Federal Maritime Commission with a principal place of business in Broward County, Florida.

## GENERAL ALLEGATIONS

5.  From March 2024 through and including October 2024, at the request and direction of RAPID OCEAN, Plaintiff arranged for goods to be transported aboard ocean vessels on an LCL (Less-than-Container Load) basis from PortMiami to various international ports of discharge.

6.  The ocean freight and related charges invoiced by CROWLEY for the shipments described in Paragraph 5 are itemized on the account statement attached as Exhibit "A".

7.  The ocean bills of lading and corresponding invoices for three (3) shipments at issue in this proceeding are attached as Composite Exhibit "B".

8.  RAPID OCEAN is identified as the shipper on each and every invoice described in Exhibit "A".

9.  The invoices generated by Crowley and delivered to RAPID OCEAN in the normal course of business contain the following provision, "The terms and conditions governing these services rendered are published on the Crowley Logistics, Inc. website at www.crowley.com." *See* Exhibit "B".  A copy of said terms and conditions are annexed as Exhibit "C".

10.  Paragraph 2(c) of the Terms & Conditions attached as Exhibit "C" defines "Shipper" as "…the person named as such in this bill of lading, the consignor, the consignee, the owner of the goods, the holder of this Bill of Lading and the person for whose account the goods are shipped."

11.  As the shipper of the goods and the person for whose account the goods were shipped, RAPID OCEAN is included within the definition of "Shipper" as defined by Paragraph 2(c) of the Terms & Conditions attached as Exhibit "C".

12.  To date, RAPID OCEAN has failed to compensate CROWLEY for $16,586.61 in ocean freight and related charges earned by Plaintiff in violation of Paragraph 21 of the Terms and Conditions.  *See* Exhibit "C".

13.  The ocean freight charges owed by Defendant are covered by an ocean transportation intermediary (OTI) bond, however, the surety will not pay the claim unless a final judgment is entered against RAPID OCEAN in accordance with 46 C.F.R. §515.23(b)(2).

14.  As a result of Defendant's failure to pay the ocean freight and related charges owed to CROWLEY, RAPID OCEAN is liable for the attorney's fees incurred by Plaintiff in this action.  *See* Exhibit "C" ¶ 21.

<u>**COUNT I – BREACH OF CONTRACT**</u>

15.  Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 14 as if fully set forth herein.

16.  From March 2024 though and including October 2024, valid contracts were formed when CROWLEY agreed to arrange for the transportation of  goods from PortMiami  to international ports of discharge in exchange for the ocean freight and related charges to be paid by RAPID OCEAN.

17.  CROWLEY performed its contractual obligations, as well as all conditions precedent necessary to bring this action, by arranging for the transportation of  cargo for Defendant and delivery of said goods to the named consignees.

18.  RAPID OCEAN committed a material breach of Paragraph 21 of the contract attached as Exhibit "C" by failing to compensate CROWLEY for the ocean freight and related charges earned by Plaintiff.

19.  CROWLEY has suffered damages in the amount of $16,586.61.

WHEREFORE, Plaintiff, CROWLEY LOGISTICS, INC., respectfully requests for this Honorable Court to enter judgment against Defendant RAPID OCEAN FREIGHT, INC. for damages in the amount of $16,586.61, pre-judgment interest, attorney's fees in accordance with Paragraph 21 of the contractual terms and conditions, taxable costs and disbursements of this action and any other and further relief a may be just and proper under the circumstances.

Dated:  May 13, 2026

Respectfully submitted,

**DEE M. DOLVIN, P.A.**
*Attorney for Plaintiff*
P.O. Box 310424
Miami, Florida 33231
Telephone: (305) 318-1919
E-mail:  Dee@DeeMDolvin.com

By:_____
      /s/ Dee M. Dolvin
      DEE M. DOLVIN
      Florida Bar No.: 707491